Fuchsberg, J.
(dissenting in part and concurring in part). The contract out of which this controversy arises is one in which the plaintiff agreed to supply and to erect the structural steel for a 50-story office building which defendant Solow Development Corporation (SDC) was constructing. The price for these goods and services was to be determined according to a formula under which Bethlehem was to receive 22.7 cents per pound of steel necessarily used. By the time the fabrication was completed, Bethlehem had billed SDC for approximately $9,000,000. Of that sum, SDC paid about $8,000,000, withholding the balance, inter alia, because it was of the opinion that the quantity of steel delivered was less than the plaintiff averred. On this third attempt at summary judgment, first the Appellate Division by a vote of 3 to 2, and now this court, rely on one-word answers to two conclusory questions put to an SDC employee, Arthur Geller, during his 120-page examination before trial, as the basis for granting the plaintiff summary relief.
In my view, "upon all the papers and proof submitted”, which other than the so-called admissions of Geller were simply affidavits of attorneys without personal knowledge of the operative facts, the plaintiff has failed to establish its cause of action "sufficiently to warrant the court as a matter of law in directing judgment” in its favor (CPLR 3212, subd [b]). All the more is this so, since Geller, in his affidavit opposing summary judgment, after disclaiming any competence to judge whether the amount of steel the plaintiff maintained it had integrated into the building was correct, disavowed any intention to have admitted due performance during his deposition.[1] Taken as a whole, the emanations from *874 Geller leave the plaintiff with no more than an equivocal presentation from which a fact finder should have the opportunity to infer or fail to infer an admission.
Moreover, as the two dissenters at the Appellate Division, correctly it seems to me, pointed out, "We see no reason why in a claim for this large sum of money there could not be an affidavit by a responsible officer or employee of Bethlehem Steel Corporation stating that according to their records so much work was done, involving so many tons of steel at such- and-such a price, resulting in an over-all liability of so many dollars against which so much has been received, leaving a balance of so much owed”. In the same spirit, one must wonder why the plaintiff not only never responded to defendants’ deposition request for "the records, the tonnage that was kept, how you were able to ascertain how many tons or pounds you shipped, sold, and how you know they were actually incorporated in the billing”, but also failed to avail itself of such information as a resource to bolster its motion.
Consequently, plaintiff’s affirmative case should be subjected to exploration in a trial setting, where a fact-finding body, advantaged by seeing and hearing the witnesses in an open adversary setting, can, so to speak, see the whites of the parties’ eyes.[2] To that end, the modification of the order of the Appellate Division should deny summary judgment to plaintiff on its cause of action in toto.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur; Judge Fuchsberg dissents in part and concurs in part and votes to modify in an opinion.
Order modified, with costs to plaintiff, in accordance with the memorandum herein and, as so modified, affirmed. Question certified answered in the negative.

. For example, one of the deposition questions and answers reads, "Q. Am I correct in stating * * * that there is no dispute and that there is an admission that the agreed price and reasonable value of the work performed by Bethlehem under its contract agreement as alleged in paragraph 11 of the complaint was $8,831,060.66? A. Yes” (emphasis supplied). But in his affidavit he states, "my interpretation of the questions being asked was that Bethlehem’s counsel was asking if I knew that both plaintiff and defendants agreed as to the computation of the contract price”, and "At no time did I ever believe I was admitting that * * * such work as Bethlehem had performed was worth $8,831,060.66”.

. Though not determinative, a trial is also appropriate on policy grounds since, as the record and briefs proclaim, this is a highly acrimonious litigation which, unfortunately, has been and continues to be characterized by accusations of misrepresentation of the legal and factual issues leveled by each side against the other. To boot, the defendants suggest that their right to discovery has suffered material frustration.